UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARAMIE JEROME KINSEY,

Plaintiff,

v.

TRAVIS DECKER, et al.,

Defendants.

No. 2:19-cv-0430-JAM-EFB P

ORDER

Plaintiff, a former pretrial detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.[1]

/////

/////

/////

---

[1] In light of plaintiff's application, the court withdraws its June 17, 2019 findings and recommendations recommending that this action be dismissed for plaintiff's failure to either pay the filing fee or seek leave to proceed in forma pauperis (ECF No. 8).

## Screening

### I. Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II. Analysis

Plaintiff brings this lawsuit against Officer Travis Decker and a private citizen. ECF No. 1. He alleges that the citizen falsely claimed that he attempted to rob her, which led to him being "illegally arrested" by Officer Decker. *Id.* at 3-5. As relief, he asks to "continue outside of jail" and to have his case dismissed. *Id.* at 7. The court notes that plaintiff filed a notice of change of address after commencing this lawsuit (ECF No. 7), suggesting that he has been released from jail.

The complaint presents a number of problems. First, it appears that plaintiff wishes to contest an ongoing state criminal prosecution against him for robbery. Claims challenging aspects of the proceedings and rulings in an ongoing case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings appear to be ongoing, important state interests are implicated in a criminal prosecution, and there is no indication that plaintiff could not raise his claims in his criminal cases. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

The court notes, however, that if plaintiff has since been convicted on the robbery charge, his claims may nevertheless be barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). If plaintiff were to succeed on his claims, it would likely call into question the validity of his conviction. As

1 a general rule, a challenge in federal court to the fact of conviction or the length of confinement

2 must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v.*

3 *Rodriguez*, 411 U.S. 475 (1973).

4 Finally, the court notes that private actors generally cannot be sued under § 1983. *See*

5 *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private

6 parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful

7 participant in joint action with the State or its agents.") (citation and quotation marks omitted).

8 "The United States Constitution protects individual rights only from *government* action, not from

9 *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003).

10 Based on the foregoing, the court will dismiss plaintiff's complaint. Out of an abundance

11 of caution, the court will give plaintiff an opportunity to file an amended complaint to attempt to

12 state facts that would allow the claims to proceed.

### Leave to Amend

14 Plaintiff may choose to amend his complaint. He is cautioned that any amended

15 complaint must identify as a defendant only persons who personally participated in a substantial

16 way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

17 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

18 participates in another's act or omits to perform an act he is legally required to do that causes the

19 alleged deprivation). Plaintiff may also include any allegations based on state law that are so

20 closely related to his federal allegations that "they form the same case or controversy." *See* 28

21 U.S.C. § 1367(a).

22 The amended complaint must also contain a caption including the names of all defendants.

23 Fed. R. Civ. P. 10(a).

24 Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

25 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against

26 multiple defendants. *Id.*

27 Any amended complaint must be written or typed so that it so that it is complete in itself

28 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The June 17, 2019 findings and recommendation (ECF No. 8) are withdrawn;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 9) is GRANTED;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED: February 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE